UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GAIL BJORKLUND, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| THE GOLUB CORPORATION, | : | |
| | : | |
| Defendant. | : | July 31, 2018 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Gail Bjorklund, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff Gail Bjorklund is a Connecticut citizen.

2. Defendant, The Golub Corporation was and is a corporation organized and existing under the laws of the State of New York. Defendant's principal place of business is 501 Duanesburg Road, Schenectady, New York 12306.

3. At all times material, plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act (ADEA).

4. At all times material, defendant was an employer within the meaning of the ADEA and Title VII.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act, cited as 42 U.S.C. § 2000e, the

Age Discrimination in Employment Act, cited as 29 U.S.C. § 621.

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

7. Defendant owns and operates Price Chopper stores including a Price Chopper store located in Bristol, Connecticut. Newington.

8. Defendant employed plaintiff.

9. Plaintiff's job position was food service clerk.

10. Defendant hired plaintiff on or about January 17, 2004.

11. Plaintiff was qualified for the job.

12. Plaintiff is female.

13. Defendant knew that plaintiff was female.

14. Plaintiff was born in 1958.

15. Defendant knew that plaintiff was born in 1958.

16. At all relevant times, plaintiff was forty (40) years of age or older.

17. Defendant knew that plaintiff was (40) years of age or older.

18. Defendant employs Brad Schmidt.

19. Schmidt was a supervisory employee.

20. Defendant employs Todd Griffin.

21. Griffin was a department manager.

22. Griffin had supervisory authority over plaintiff.

23. Schmidt told plaintiff:

  a. "store going in a new direction";

  b. "young kids are easy to mold and work with as opposed to older employees who resist change".

24. Griffin told plaintiff that she could be replaced with part timers.

25. Defendant engaged in a pattern and practice of hiring younger part timers.

26. There was a younger part time employee in plaintiff's department with the first name Nick.

27. Nick is male.

28. Nick told a customer to "fuck off".

29. Defendant did not terminate Nick for telling a customer to "fuck off".

30. At all times relevant, Nick was under the age of forty (40).

31. Defendant terminated plaintiff's employment on June 2, 2017.

32. At the time of the termination, plaintiff was 58 years of age.

33. Any and all excuses offered by defendant to explain the termination decision would be a pretext to mask unlawful gender, age, and/or gender plus age discrimination.

34. Defendant replaced plaintiff with one or more male employees.

35. Defendant did not pay plaintiff her accrued vacation benefit.

36. Schmidt was involved in the decision making process to terminate plaintiff's employment.

37. Griffin was involved in the decision making process to terminate plaintiff's employment.

38. On or about December 4, 2017, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC complaint was brought against the

defendant.

39. On or about May 4, 2018, plaintiff received a right to sue letter from the EEOC. (copy attached hereto as Ex.1).

## **FIRST COUNT**
### (Age Discrimination in Violation of the ADEA)

1. Plaintiffs repeat the allegations in paragraphs 1 through 39 above as if fully incorporated herein.

40. Defendant's acts and/or omissions, violate the Age Discrimination in Employment Act which prohibits discrimination on the basis of age.

41. Defendant, by and through its agents and/or employees, violated the Age Discrimination in Employment Act, in one or more of the following ways:

   (a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's age;

   (b) In that defendant limited and classified the plaintiff by her age in such a way that deprived them of opportunities and recognition given to other similarly situated younger coworkers;

   (c) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee including termination;

   (d) In that defendant terminated plaintiff's employment;

   (e) In that defendant treated the plaintiff adversely different from similarly situated younger employees;

   (f) In that defendant intentionally discriminated against the plaintiff.

42. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment

opportunities because of her age.

43. As a further direct and proximate result of defendant's discrimination of the plaintiffs, plaintiff has been deprived of income, wages, and benefits.

44. As a further result of defendant's termination and discrimination, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to her professional reputations.

45. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

46. The defendant exhibited reckless indifference to the plaintiff's civil rights.

## SECOND COUNT
### (Gender Discrimination in Violation of Title VII)

1. Plaintiffs repeat the allegations in paragraphs 1 through 46 above as if fully incorporated herein.

47. Defendant's actions violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, which prohibits discrimination on the basis of gender in one or more of the following ways:

(a) In that defendant terminated plaintiff's employment because of her gender;

(b) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c) In that defendant limited and classified the plaintiff by her gender in such a way that deprived her of opportunities and recognition given to other similarly situated co-workers;

(d) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employees;

(e) In that defendant treated the plaintiff adversely different from similarly situated non-female employees;

(f) In that defendant discriminated against the plaintiff because she was an older woman (gender plus age);

(g) In that defendant intentionally discriminated against the plaintiff.

48. As a direct and proximate result of defendant's discrimination and wrongful termination, plaintiff has been deprived of her employment and equal employment opportunities because of her gender.

49. As a further direct and proximate result of defendant's discrimination, plaintiff has been deprived of income, wages and benefits.

50. As a further result of defendant's termination and discrimination, plaintiff has suffered severe humiliation, embarrassment, emotional distress and harm to her professional reputations.

51. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

52. Defendant exhibited reckless indifference to the plaintiff's civil rights.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:   July 31, 2018

                                                  _____
                                                  James V. Sabatini, Esq. ct19899
                                                  SABATINI AND ASSOCIATES, LLC
                                                  1 Market Square
                                                  Newington, CT 06111
                                                  Tel. No.: (860) 667-0839
                                                  Fax No.: (860) 667-0867
                                                  Email: jsabatini@sabatinilaw.com

                                                  ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# DISMISSAL AND NOTICE OF RIGHTS

**To:** Gail A. Biorklund  
35 Beach Avenue #3  
Terryville, CT 06786

**From:** Boston Area Office  
John F. Kennedy Fed Bldg  
Government Ctr, Room 475  
Boston, MA 02203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2018-00357 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Feng An, Kenneth*

**Feng K. An,**  
**Area Office Director**

MAY 0 4 2018  
*(Date Mailed)*

Enclosures(s)

cc:

GOLUB CORPORATION  
461 Nott Street  
Schenectady, NY 12308